**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**In re:** **CASE NO.: 13-19540-LMI**

**MONICA D. FONSECA,** **CHAPTER 13**

**Debtor.**
________________________________________/

**OBJECTION TO CONFIRMATION**

Secured Creditor, Daniel E. Bouaziz., objects to confirmation of the Debtor's proposed Chapter 13 Plan, and says:

1. The Debtor has listed on Schedule A her ownership interest in 1807 S.W. 107 Ave, #2205, Miami, Florida.

2. The Debtor has also listed movant's secured claim against Unit 2205 in the amount of $187,523.96. This is a first position mortgage secured only by the Debtor's primary residence.

3. Movant holds a secured claim against the unit and is entitled to treatment as a secured creditor on a primary residence in Debtor's Chapter 13 Plan.

4. Debtor's Chapter 13 Plan proposes to pay only $71,000.00 to this secured creditor and should not be confirmed.

5. Movant also objects to the "other provisions" statement in the Plan that, "Debtor will retain real property at current market value and pay through the plan" for the reasons set forth below.

6. Movant contends that the property is or recently was the Debtor's primary residence for the following reasons:

a. The Debtor's loan application, Exhibit A, states that the "property will be:" followed by the box checked for "Primary Residence";

b. The HUD-1 closing statement for the property, Exhibit B, lists the subject property as the Debtor's address;

c. The Miami-Dade County Property Appraiser records indicate that the Debtor has claimed a homestead exemption on the subject property for the past two years.

7. This secured creditor is entitled to protection under 11 U.S.C. Section 1322 (b)(2).

8. The appropriate reference date for determining if a property is a principal residence of the debtor is the date that the security interest was created. *In re Abdelgadir*, 455 B.R. 896 (9th BAP 2011)[1], citing In re Smart, 214 B.R. at 68; In re Benafel, 2010 WL 5373127 (Bankr.D.Or.2010).

8. The Movant also objects to the Plan as it is not feasible. The Debtor's Declaration Regarding Payment Advices has no attached payment advices.

WHEREFORE, movant, Daniel Bouaziz, respectfully request the Court deny confirmation of Debtor's Chapter 13 Plan, and grant such other and further relief as the Court deems just and proper.

---

[1] *Abdelgadir* dealt with a Chapter 11 case but points out that the language of Section 1123(b)(5) is identical to that of 1322(b)(2).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the above document was filed and served electronically to the Trustee and mailed to: Debtor, Interested Parties and All Appearances on this 28th day of May, 2013.

DAVID W. LANGLEY
Attorneys for Bouaziz.
8551 W. Sunrise Boulevard, Suite 303
Plantation, Florida 33322-4007
Telephone: (954) 356-0450
Facsimile: (954) 356-0451

By: *__/s/ David W. Langley__*
David W. Langley, Esq.
Florida Bar Number 348279